**Barry I. FREDERICKS, Plaintiff,**

v.

**Anne Doris SHAPIRO, Defendant.**

No. 94 Civ. 5629 (VLB).

United States District Court,
S.D. New York.

Feb. 17, 1995.

Barry I. Fredericks, pro se.

Anne Doris Shapiro, Harvey Shapiro, pro se.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

This diversity of citizenship case concerns legal fees allegedly due to plaintiff from defendant's husband, which fees plaintiff seeks to collect pursuant to a guarantee executed by defendant to pay "for legal services owed or to be owed by my husband ... arising out of and in connection with" litigation concerning a mortgage foreclosure.

Plaintiff moves for summary judgment; the defendant's husband Harvey Shapiro seeks to intervene and to file counterclaims relating to the disputed legal fees and underlying representation. Plaintiff's motion is denied; defendant's application for leave to amend her answer and Harvey Shapiro's application to intervene and assert counterclaims are granted.

### II

■    Plaintiff, as the party with the burden of proof on the underlying claim, can only secure summary judgment under Fed. R.Civ.P. 56 by establishing the absence of a genuine issue of material fact. If it would be unreasonable for a factfinder to come to a conclusion favorable to the plaintiff by a preponderance of the evidence without additional information, summary judgment is inappropriate.

■    Plaintiff has submitted no time sheets or other detailed information to establish the genuine nature of his claim for legal fees.[1] Without such data, summary judgment for legal fees cannot be granted.

■    Moreover, Harvey Shapiro's affidavit describes alleged improper representation by plaintiff which if established might constitute a defense to the claim against his wife under the guarantee. The guarantee provides for the wife's liability only "for legal services owed or to be owed by my husband ..." If the husband is not liable, neither can the wife be under the plain meaning of the guarantee. Thus, summary judgment in plaintiff's favor is not warranted.

---

1.  Insistence on such information prior to granting judgment against clients or their guarantors or relatives for legal fees is particularly important to the reputation of the Bar. The need for adequate factual material is also important because otherwise the superior knowledge of legal procedure possessed by members of the Bar could be used to gain an improper advantage over lay citizens. See generally *Campagnola v. Mulholland,* 76 N.Y.2d 38, 43, 556 N.Y.S.2d 239, 555 N.E.2d 611 (1990); Stone, "Public Influence of the Bar," 48 Harv.L.Rev. 1 (S.D.N.Y.1934).

**28**

## III

As the primary obligor, Harvey Shapiro has a clear interest in a suit to enforce a guarantee of his alleged debt. If a guarantee is enforced, the original obligor is liable to the guarantor for the amounts required to be paid. Intervention as of right under Fed.R.Civ.P. 24(a) is appropriate since "the disposition of the action may as a practical matter impair or impede the applicant's ability to protect" a relevant interest. The applicant's interest is not "adequately represented by existing parties" since it is unclear at this juncture whether or not the guarantor wife could assert offsets or counterclaims potentially available to the husband obligor.

Were intervention as of right not required, permissive intervention would be appropriate under Fed.R.Civ.P. 24(b) because the applicant's claims and defenses and the main action have questions of law and fact in common, including whether and to what extent the alleged debt is due.

As the primary obligor on the alleged debt and a party indirectly liable for plaintiff's claim if upheld, Harvey Shapiro may file counterclaims pursuant to Fed.R.Civ.P. 13. Accordingly, Harvey Shapiro should be granted leave to intervene.

## IV

Plaintiff's reply affirmation contains a statement on page 4 (item B7) that many of Harvey Shapiro's allegations are "bogus, improper, and false ..." These assertions are not factual, but conclusory statements which an affiant cannot validly certify under oath. Moreover, regardless of the document in which they are contained, such conclusory statements add nothing to the persuasiveness or lack of persuasiveness of whatever facts do or do not support the conclusions sought to be advanced. The court has every confidence that language of this type will be avoided in subsequent submissions. *See Jones v. Wide World of Cars*, 820 F.Supp. 132 (S.D.N.Y.1993).

SO ORDERED.